UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN LEE JACKSON,

    Petitioner,

v.

CONNIE HORTON,

    Respondent.

Case No. 2:21-CV-11718
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR A STAY (6), DENYING HIS MOTIONS FOR APPOINTMENT OF COUNSEL (3), EVIDENTIARY HEARING (4), AND REMAND (5), AND ADMINSTRATIVELY CLOSING THE CASE**

Michigan prisoner Steven Lee Jackson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He simultaneously filed motions for appointment of counsel (ECF No. 3), for an evidentiary hearing (ECF No. 4), for remand (ECF No. 5), and for a stay of the proceedings (ECF No. 6), so that he may return to the state courts to exhaust several of his claims. For the reasons that follow, the Court grants the motion for a stay, denies without prejudice the other motions, and administratively closes the case pending Jackson's exhaustion of his state court remedies.

Following a jury trial in the Saginaw County Circuit Court, Jackson was convicted of kidnapping, conspiracy to commit kidnapping, three counts of first-degree criminal sexual conduct, and conspiracy to commit first-degree criminal sexual conduct. (ECF No. 1, PageID.15.) In 2014, he was sentenced, as a fourth

habitual offender, to concurrent terms of life imprisonment on the conspiracy convictions, a concurrent term of 50 to 80 years imprisonment on the kidnapping conviction, and concurrent terms of 50 to 80 years imprisonment on the first-degree criminal sexual conduct convictions, to be served consecutively to the other sentences. (*Id.*) Jackson pursued a direct appeal and collateral review in the Michigan courts, but was denied relief (other than the grant of a *Lockridge/Crosby* remand on direct appeal for review of his sentence). (ECF No. 1, PageID.15, 16.)

Jackson then came to federal court seeking relief. In his habeas petition, Jackson raises 10 claims concerning the denial of an evidentiary hearing, the conduct of the prosecutor, the exclusion of certain evidence, the effectiveness of trial and appellate counsel, remand under *Lockridge/Crosby*, trial counsel's conduct during plea bargaining, his consideration of a plea offer, and trial counsel's failure to request a defense of others instruction. (ECF No. 1, PageID.8, 9, 10.) The warden has not yet filed an answer to the petition or the state court record. Those materials are due in February, 2022.

In his petition, Jackson acknowledges that five of his 10 claims have not been presented to the state courts. (ECF No. 1, Page ID.9.) He thus requests a stay of the proceedings so that he can return to the Michigan courts to satisfy his exhaustion requirements. (ECF No. 6.) As noted, he also requests the appointment of counsel, an evidentiary hearing, and a remand. (ECF Nos. 3, 4, 5.)

The doctrine of exhaustion of state remedies requires state prisoners to "fairly

2

present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The exhaustion requirement is met if a prisoner invokes one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. This entails asserting both the factual and legal bases for the claims in the state courts. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The Michigan Rules of Court provide a process through which Jackson may raise unexhausted claims—namely by filing a second motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500 *et seq* and then, if denied, appealing the trial court's decision to the state appellate courts.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance, though, is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to

3

exhaust, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Id.* at 277.

Here, Jackson could face a statute of limitations problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies. And Jackson asserts that defense counsel was ineffective for failing to properly pursue his unexhausted claims in the state courts and/or that certain claims are based on newly-discovered information, which may provide good cause for failing to raise the claims sooner. Lastly, at least some of the unexhausted claims do not appear to be plainly meritless and there is no evidence of intentional delay.

The Court is aware that pursuant to Michigan Court Rule 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment challenging a criminal conviction, *see, e.g., Banks v. Jackson,* 149 F. App'x 414, 418 (6th Cir. 2005), and that Jackson has already done so. To file another requires a showing of a retroactive change in law that occurred after the first motion for relief from judgment or new evidence that was not discovered before the first motion. Michigan Court Rule 6.502(G)(2); *Banks,* 149 F. App'x at 418. And the Court is also aware that it should exercise caution in finding that Michigan's general rule against successive motions for relief from judgment would bar a petitioner from raising a claim in state court if "it is at least debatable whether the Michigan courts would entertain th[e] claim on a second or successive motion for state postconviction relief" based on one of the exceptions under Rule 6.502(G)(2). *Cunningham v. Hudson*,

4

756 F.3d 477, 485 (6th Cir. 2014) (quoting *Banks v. Jackson*, 149 F. App'x. 414, 418 (6th Cir. 2005)).

While the arguments are not terribly strong, Jackson does assert that some of his unexhausted claims are based on newly discovered evidence and that he discovered the basis for those claims only after receiving additional records from defense counsel, who obtained them from prior counsel. (ECF No. 6, PageID.4.) He And because the Court cannot readily discern the merits of the claims from the existing record, a procedural bar to a second state court motion for relief from judgment is not clearly applicable. *See Cunningham,* 756 F.3d at 485–87; *Banks*, 149 F. App'x at 419–420. Thus, a stay is appropriate to allow the state courts to determine the procedural issue, and potentially the merits of Jackson's unexhausted claims, in the first instance.

Accordingly, the Court GRANTS Jackson's motion for a stay of the proceedings (ECF No. 6). The stay is conditioned on Jackson presenting the unexhausted claims to the state courts within 60 days of the date of this order by filing a second motion for relief from judgment with the trial court. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure). Given this determination, the Court DENIES WITHOUT PREJUDICE Jackson's motions for appointment of counsel (ECF No. 3), for evidentiary hearing (ECF No. 4), and for remand (ECF No. 5).

IT IS ORDERED that, if Jackson is unsuccessful in state court and wishes to re-open this case, he must file an amended habeas petition and a motion to re-open

5

within 90 days of exhausting state remedies. The motion and the amended petition shall contain the same case number that appears on this order. Any failure to comply with the conditions of this stay could result in the dismissal of the habeas petition. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case for administrative purposes only. Nothing in this order shall be construed as an adjudication of Jackson's claims.

SO ORDERED.

Dated: August 27, 2021

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE
