UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN LEE JACKSON,

    Petitioner,

v.

FREDEANE ARTIS,

    Respondent.

Case No. 21-11718
Honorable Laurie J. Michelson

## ORDER DENYING WITHOUT PREJUDICE RESPONDENT'S MOTION TO DISMISS [19]

Steven Lee Jackson is currently incarcerated at the Lapeer Correctional Facility, where he is serving a term of life imprisonment for kidnapping, three counts of first-degree criminal sexual conduct, and other lesser charges. (ECF No. 1, PageID.15.) In 2021, he filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 (*see id.*), along with a motion to stay his case while he exhausted his claims in state court (ECF No. 6). The Court in turn held Jackson's habeas petition in abeyance (*see* ECF No. 11 (granting Jackson's motion to stay)) until January 16, 2024, when the Court reopened the case (ECF No. 17) on Jackson's motion (ECF No. 14). On July 16, 2024, the warden filed a motion to dismiss Jackson's amended petition (ECF No. 15) on statute of limitations grounds. (ECF No. 19.) Jackson did not file a response.

That motion to dismiss is before the Court now. For the reasons below, the Court will deny it without prejudice.

## I. Background

In 2014, Jackson was sentenced to life imprisonment after a jury found him guilty of kidnapping, conspiracy to commit kidnapping, three counts of first-degree criminal sexual conduct, and conspiracy to commit first-degree criminal sexual conduct. The Michigan Court of Appeals affirmed Jackson's convictions in 2016 but "remand[ed] to the trial court for a determination of whether resentencing . . . [was] required pursuant to *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), and *United States v. Crosby*, 397 F.3d 103, 117–18 (2d Cir. 2005)." *People v. Sowa*, Nos. 325268/325725, 2016 WL 1125512, at *1 (Mich. Ct. App. Mar. 22, 2016) (per curiam) (citations cleaned up), *appeal denied*, *People v. Jackson*, No. 153588, 886 N.W.2d 433 (Mich. Oct. 26, 2016) (mem.). Two years later, in 2018, the trial court concluded that Jackson's sentences were "proportionate and therefore reasonable" and declined to resentence him. *People v. Jackson*, No. 14-039993-FC (Mich. 10th Cir. Ct. Mar. 29, 2018), *available at* (ECF No. 20-15, PageID.2061). Jackson's motion for relief from judgment was later denied.[1] (*See* ECF Nos. 20-21, 20-22.)

In 2021, Jackson turned to federal court for relief. In his habeas petition, he raised claims concerning the denial of an evidentiary hearing, the conduct of the

---

[1] Jackson filed his motion on January 19, 2018, while the resentencing issue was still pending. (ECF Nos. 20-14, 20-17; *see* ECF No. 20-16, PageID.2065.) That motion was initially dismissed as premature (ECF No. 20-16), later renewed (ECF No. 20-18), and ultimately denied by the trial court (ECF No. 20-21, PageID.2128–2129 (April 1, 2019, bench ruling denying motion); ECF No. 20-22 (April 15, 2019, written order denying motion)). Jackson's delayed application for leave to appeal was also denied. (ECF Nos. 20-28, PageID.2527; 20-31, PageID.2811.)

prosecutor, the exclusion of certain evidence, the effectiveness of trial and appellate counsel, remand under *Lockridge/Crosby*, trial counsel's conduct during plea bargaining, his consideration of a plea offer, and trial counsel's failure to request a defense of others instruction. (ECF No. 1, PageID.8, 9, 10.) He acknowledged in his petition that five of his 10 claims had not been presented in state court (*id.* at PageID.9), and he in turn asked the Court to stay his case while he exhausted those claims (ECF No. 6). The Court granted Jackson's motion. (ECF No. 11.)

Jackson returned to state court and unsuccessfully pursued another round of collateral review. (ECF No. 15, PageID.923–925; ECF No. 19, PageID.1313–1314); *see People v. Jackson*, No. 14-039993-FC (Mich. 10th Cir. Ct. Jan. 27, 2022), *available at* (ECF No. 20-24) (denying Jackson's successive motion for relief from judgment under Michigan Court Rule 6.5086.508(C), (G)), *appeal denied*, No. 361315, 2022 Mich. App. LEXIS 6944 (Mich. Ct. App. Nov. 16, 2022), *appeal denied*, No. 165217, 988 N.W.2d 784 (Mich. May 2, 2023) (mem.).

After those state court proceedings concluded in 2023, Jackson returned to this Court seeking to proceed on a perfected habeas petition. (ECF Nos. 14, 15.) The Court lifted the stay, reopened Jackson's case, and directed the respondent, Warden Fredeane Artis, to file an answer in accordance with Rule 5 of the Rules Governing Section 2254 Cases. (ECF No. 17.) The warden timely filed the Rule 5(c) materials (ECF No. 20) along with a motion to dismiss Jackson's habeas petition as untimely under the one-year statute of limitations applicable to federal habeas actions (ECF No. 19 (citing 28 U.S.C. § 2241(d)(1))). Jackson did not respond.

3

## II. Standard

Because Jackson did not file a response, Artis' motion to dismiss is unopposed. *See* E.D. Mich. LR. 7.1(c)(1).

What that means in this Circuit is not entirely clear. Some cases suggest the motion can be granted for that reason alone because plaintiff has abandoned any potential arguments. *See, e.g.*, *Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision) (affirming district court's grant of the defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."); *see also Bazinski v. JPMorgan Chase Bank, N.A.*, No. 13-14337, 2014 WL 1405253, at *2 (E.D. Mich. Apr. 11, 2014) (citing cases) ("Claims left to stand undefended against a motion to dismiss are deemed abandoned."). But the Sixth Circuit has also suggested that a district court cannot grant a motion to dismiss for failure to state a claim on the sole ground that a plaintiff has failed to respond pursuant to a local rule. *See Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991) ("[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden. We see no reason why the situation

should be different in the context of a motion to dismiss for failure to state a claim . . . ."); *Galaxy Foods LLC v. Aryz Trading LLC*, No. 23-11476, 2023 WL 8025818, at *4 (E.D. Mich. Nov. 20, 2023) ("[E]ven treating Defendant's Motion to Dismiss as essentially unopposed, the Court must still address the merits of Defendant's motion and will not grant the motion solely because it is unopposed."); *cf. Green v. City of Southfield*, 759 F. App'x 410, 417 (6th Cir. 2018); *Biggs-Leavy v. Lewis*, No. 24-1317, 2025 U.S. App. LEXIS 3284, at *11 (6th Cir. Feb. 10, 2025).

Thus, for good measure, the Court has reviewed the merits of the warden's motion to dismiss to determine whether Artis has satisfied his burden. And because Jackson proceeds *pro se*, the Court is lenient in its reading of the complaint. *See Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that the Court holds pleadings of *pro se* litigants to less stringent standards than formal pleadings drafted by lawyers)); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (citations and internal quotation marks omitted)).

### III. Analysis

On March 22, 2016, the Michigan Court of Appeals affirmed Jackson's convictions—but remanded for the trial court to decide whether to resentence him. *Sowa*, 2016 WL 1125512, at *1. Two relevant things happened next. Just over seven months later, on October 26, 2016, the Michigan Supreme Court denied Jackson leave

5

to appeal the decision affirming his convictions. *Jackson*, 886 N.W.2d at 433. And on March 29, 2018—17 months after Jackson was denied leave to appeal—the trial court decided against resentencing Jackson. (ECF No. 20-15.)

According to Artis, only the first date matters for purposes of the statute of limitations calculation. Artis argues that under the Antiterrorism and Effective Death Penalty Act, *see* 28 U.S.C. § 2244(d)(1), Jackson's convictions became final on January 24, 2017—that is, 90 days after the Michigan Supreme Court denied Jackson leave to appeal the affirmance of his convictions, when the time for Jackson to seek a writ of certiorari with the United States Supreme Court expired. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). Artis asserts that AEDPA's statute of limitations began to run the next day, on January 25, 2017. *See* 28 U.S.C. § 2244(d)(1)(A); *Scarber v. Palmer*, 808 F.3d 1093, 1095 (6th Cir. 2015). In turn, according to the warden, had nothing else happened in Jackson's case after that, i.e., absent any statutory or equitable tolling of the limitations period, Jackson's deadline to file a federal habeas petition would have been a year later, on January 25, 2018. (ECF No. 19, PageID.1315.)

Artis acknowledges, however, that Jackson's motion for relief from judgment, properly filed on January 18, 2018, tolled the statute of limitations—that the clock stopped running that day, with seven days remaining, and did not resume running until July 1, 2020, the day after the Michigan Supreme Court denied Jackson leave to appeal the lower courts' denial of his motion. (*Id.* at PageID.1315–1316); *People v. Jackson*, No. 348803, 2019 Mich. App. LEXIS 5959 (Mich. Ct. App. Oct. 1, 2019),

*appeal denied*, No. 160586, 944 N.W.2d 693 (Mich. June 30, 2020) (mem.). So, says Artis, seven days later, on July 8, 2020, Jackson's time to file a federal habeas petition ran out, well before he filed his federal habeas petition on June 30, 2021. (ECF No. 19, PageID.1316.)

Recall, though, the second thing that happened after the appeals court affirmed Jackson's convictions in March of 2016. They also remanded his case back to the Saginaw County Circuit Court for the trial court to consider whether to resentence him under *Lockridge* and *Crosby*. That question remained before the trial court for 17 months after the Supreme Court denied leave to appeal, until it decided on March 29, 2018, to not resentence Jackson.

Artis maintains that because the trial court did not ultimately resentence Jackson, the time the resentencing question was pending does not affect the running of the statute-of-limitations clock. (*Id.* at PageID.1319–1320 (citing *Crangle v. Kelly*, 838 F.3d 673, 679 (6th Cir. 2016); *Wiggins v. Rewerts*, No. 20-11546, 2023 WL 3186971, at *3 (E.D. Mich. Apr. 30, 2023); *Beamon v. Brown*, No. 22-12178, 2023 WL 4095231, at *3 (E.D. Mich. June 20, 2023)); *see id.* at PageID. 1309–1310 (citing 28 U.S.C. § 2244(d)(1)(A)).) But Artis concedes that, if the trial court had resentenced Jackson and issued a new judgment, the clock would have restarted. (*Id.* at PageID.1319 (citing *Freeman v. Wainwright*, 959 F.3d 226, 229 (6th Cir. 2020)); *see id.* at PageID.1320 n.2 (citing *Rashad v. Lafler*, 675 F.3d 564, 567–68 (6th Cir. 2012); *King v. Morgan*, 807 F.3d 154, 157–58 (6th Cir. 2015)).)

7

As Artis seems to recognize, this procedural history could implicate equitable tolling. Yet his arguments for why Jackson is not entitled to equitable tolling are unrelated. In a few short sentences (*see id.* at PageID.1327–1328), Artis says only that the statute of limitations should not be equitably tolled because Jackson "did not diligently pursue his rights regarding this petition," has not "shown that some extraordinary circumstance stood in his way," and does not allege actual innocence (*id.* at PageID.1328). Artis does not address the time that the resentencing question was on remand and pending before the trial court. Nor does Artis address the merits of Jackson's petition for habeas corpus.

The Court thus declines to decide the statute of limitations and equitable tolling issues at this time. It would benefit from the warden filing an answer addressing the substance of Jackson's habeas claims. *See* Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254, Rule 5. As a part of that answer, Artis may include his statute of limitations argument. He should also address the availability of equitable tolling with respect to the resentencing issue.

Accordingly, the Court DENIES WITHOUT PREJUDICE Artis' motion to dismiss and ORDERS Artis to file an answer addressing the merits of Jackson's habeas claims by April 18, 2025. Jackson will have until June 2, 2025, to file a reply to that answer if desired.

SO ORDERED.

Dated: February 18, 2025                    s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE